**ROBERT H. REXRODE, III**
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, Ext. 13
Facsimile: (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorneys for **Mr. Mark Neel**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE M. JAMES LORENZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 07cr3355-LAB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | STATEMENT OF FACTS AND |
| ) | MEMORANDUM OF POINTS AND |
| LORI STAUFFER (1), ) | AUTHORITIES IN SUPPORT OF |
| ) | DEFENDANT'S *IN LIMINE* MOTIONS. |
| **MARK NEEL (2)**, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.**

**FACTUAL HISTORY**[1]

On November 16, 2007, Mr. Neel was a passenger in a car driven by his now-co-defendant, Lori Stauffer. Tt the San Ysidro Port of Entry, agents found a person hidden in the car driven by Ms. Stauffer and arrested her and Mr. Neel. About two hours later, two other agents questioned Ms. Stauffer. She made inculpatory statements Following this interrogation, agents questioned Mr. Neel. He too made inculpatory statements.

---

[1]The following facts are based on information provided by the government. Mr. Neel does not admit their accuracy and reserves the right to challenge them.

1   On December 12, 2007, the government indicted Mr. Neel and Ms. Stauffer on two

2   counts of violating 8 U.S.C. § 1324.  The government also alleges in the indictment that both

3   Ms. Stauffer and Mr. Neel aided and abetted in these violations of 8 U.S.C. § 1324.

4   ## II.

5   ## MOTION TO EXCLUDE CO-DEFENDANT'S STATEMENTS

6   The Confrontation Clause forbids the use of hearsay against a criminal defendant at

7   trial, if the defendant is not afforded the right to confrontation.  *See Crawford v. Washington*,

8   124 S. Ct. 1354 (2004); *see also Bruton v. United States*, 391 U.S. 123 (1968).  Mr. Neel's

9   co-defendant made statements to agents, following her arrest, that implicate Mr. Neel.  These

10  statements must be excluded.

11  ## III.

12  ## MOTION TO EXCLUDE STATEMENTS REGARDING FINANCIAL GAIN

13  The Confrontation Clause forbids the use of hearsay against a criminal defendant at

14  trial, if the defendant is not afforded the right to confrontation.  *See Crawford v. Washington*,

15  124 S. Ct. 1354 (2004).  Under Federal Rule of Evidence 802, hearsay statements are

16  inadmissible unless one or more hearsay exceptions apply.  When a statement involves

17  multiple levels of hearsay, each level must be independently admissible for the statement to

18  come into evidence.  Fed. R. Evid. 805.

19  Presumably, the government here will attempt to introduce statements regarding

20  financial arrangements under the "co-conspirator" exception to the hearsay rule.  The

21  government must, however, demonstrate to the Court that such a conspiracy existed at the

22  time the any hearsay statement was made, and that Mr. Neel participated in *that* conspiracy.

23  *See United States v. Larson*, 460 F.3d 1200 (9th Cir. 2006).  No such showing has been

24  made.

25  //

26  //

27  //

28  //

**IV.**

**MOTION TO EXCLUDE 404 (b) AND 609 EVIDENCE**

**A.    Rule 404**

Federal Rule of Evidence 404 (b) requires that the government provide "reasonable notice in advance of trial" of any evidence of "other crimes, wrongs, or acts" it plans to introduce. Fed. R. Evid. 404(b). The notice requirement is triggered when timely requested by the defendant. *United States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999). Here, Mr. Neel timely requested notice of proposed 404(b) evidence in his discovery requests to the government. The government has given no notice of its intent to introduce 404(b) evidence. Accordingly, such evidence should be excluded from this trial.

**B.    Rule 609**

As for any 609 evidence, Mr. Neel requests advance notice of any convictions the government intends to use for impeachment, should Mr. Neel choose to testify. By its own terms, Rule 609 allows for the admission (subject to Rule 403) of *felony* convictions. Fed. R. Evid. 609(a)(1). Advance notice will help the Court determine the admissibility of any such convictions without having to interrupt the trial itself.

**V.**

**CONCLUSION**

Mr. Neel requests this Court grant his motions.

Respectfully submitted,

 /s/ Robert H. Rexrode
Dated: February 26, 2008                    **ROBERT H. REXRODE, III**
                                            Attorney for Mr. Neel
                                            robert_rexrode@rexrodelawoffices.com