ROBERT H. REXRODE, III
California State Bar No. 230024
427 C Street, Suite 300
San Diego, California 92101
Telephone: (619) 233-3169, Ext. 13
Facsimile: (619) 684-3553
robert_rexrode@rexrodelawoffices.com

Attorneys for **Mr. Mark Neel**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE LARRY A. BURNS)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br>v.<br>LORI STAUFFER (1),<br>**MARK NEEL (2)**,<br>　　　　　Defendants. | CASE NO. 07cr3355-LAB<br><br>Date: March 21, 2007<br>Time: 9 a.m.<br><br>**DEFENDANT'S PROPOSED JURY**<br>**INSTRUCTIONS** |

TO:　　　Steven Miller, ASSISTANT UNITED STATES ATTORNEY.

　　　　　Defendant Mark Neel, by and through counsel, Robert Rexrode, pursuant to the Fifth and Sixth Amendments and Fed. R. Crim. P. 30, requests the Court instruct the jury on the law as set forth herein.

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

Dated: March 21, 2008　　　　　　　　　/s/ Robert H. Rexrode
　　　　　　　　　　　　　　　　　　　　**ROBERT H. REXRODE, III**
　　　　　　　　　　　　　　　　　　　　Attorney for Mr. Neel

COURT'S INSTRUCTION NO._____

The government's theory of the case is that Mr. Neel aided and abetted the principle, Ms. Shauffer, in committing the crime of bringing in an illegal alien for financial gain. To find Mr. Neel guilty of the crime of bringing in an illegal alien for financial gain, you must find beyond a reasonable doubt that Mr. Neel aided and abetted Ms. Shauffer.

To find Mr. Neel guilty as an aider and abettor, the government must prove beyond a reasonable doubt:

First, Mr. Neel had the specific intent to facilitate the commission of the crime committed by Ms. Shauffer;

Second, Mr. Neel had the requisite intent to commit the crime of bringing in an alien for financial gain;

Third, the defendant assisted or participated in the commission of the crime of bringing in an alien for financial gain; and

Fourth, that Ms. Shauffer committed the crime of bringing in an alien for financial gain.

<u>Authority</u>

The proposed jury instruction should be given in this case for two reasons. First, 8 U.S.C. §1324(1)(a)(II) expressly provides an aider and abettor is exposed to the same punishment as the principle. Second, to prove that Mr. Neel was an aider and abettor in this case, the government must prove specific intent as an additional element.

At Mr. Neel's jury trial the government asserted it intended to rely on an aider and abettor theory, rather than a theory that Mr. Neel was the principle. For this reason, an aider and abettor jury instruction is proper in this case.

8 U.S.C. §1324(1)(a)(II) expressly provides that an aider and abettor is just as criminally liable as a principle in an alien smuggling case. In <u>Garcia</u>, 400 F.3d at 819, the court held that the provision in 18 U.S.C. § 2(a) is applicable "across the board to the criminal code unless Congress has said otherwise (<u>citing</u> <u>United States v. Ramirez-Martinez</u>, 273 F.3d 903, 911 (9th Cir. 2001) (*overruled on other grounds*). Congress did not indicate that aider and abettor liability was not applicable to 8 U.S.C. §1324(a)(2)(B)(ii), but instead, expressly provided for aider and abettor liability. <u>Garcia</u>, 400 F.3d 819.

Not only is aider and abettor liability a theory of criminal liability, to prove the defendant was an aider and abettor requires the government to prove an additional "element" of specific intent. <u>Id</u> at 819-820. Therefore, to prove its theory of aider and abettor liability in this case, the government must prove beyond a reasonable doubt that the defendant had the specific intent to facilitate the commission of the crime [charged] (Bringing in an illegal alien for financial gain). <u>Garcia</u>, 400 F.3d at 819.

For these reasons, to prove Mr. Neel guilty of the crime of bringing an illegal alien into the United States for financial gain under its aider and abettor theory, the government must prove the following four additional elements: (1) the accused had the specific intent to facilitate the commission of the crime by another [person]; (2) that the accused had the requisite intent of the underlying substantive offense; (3) that the accused assisted or participated in the commission of the underlying offense; and (4) that someone

1 | committed the underlying substantive offense. <u>Garcia</u>, 400 F.3d at fn. 2 (re-affirming the
2 | holding in <u>United States v. Delgado</u>, 357 F.3d 1061, 1065-66 (9th Cir. 2004).
3 |          For these reasons, the defendant's proposed jury instruction should be given
4 | in this case.

| | |
|---|---|
| 1 | COURT'S INSTRUCTION NO._____ |
| 2 | The government's theory in this case is that Mr. Neel aided and abetted the |
| 3 | principle, Ms. Shauffer, to commit the crime of bringing in an alien into the United States |
| 4 | without immediate presentation of the alien to an appropriate immigration officer at a |
| 5 | designated port of entry. |
| 6 | To find Mr. Neel guilty as an aider and abettor, the government must prove |
| 7 | beyond a reasonable doubt: |
| 8 | First, Mr. Neel had the specific intent to facilitate the commission of the |
| 9 | crime committed by Ms. Shauffer; |
| 10 | Second, Mr. Neel had the requisite intent to commit the crime of bringing in |
| 11 | an alien into the United States without immediate presentation of the alien to an |
| 12 | appropriate immigration officer at a designated port of entry; |
| 13 | Third, the defendant assisted or participated in the crime of bringing in an |
| 14 | alien into the United States without immediate presentation of the alien to an appropriate |
| 15 | immigration officer at a designated port of entry; and |
| 16 | Fourth, that Ms. Shauffer committed the crime of bringing in an alien for |
| 17 | financial gain. |

<u>Authority</u>

The proposed jury instruction should be given in this case for two reasons. First, 8 U.S.C. §1324(1)(a)(II) expressly provides an aider and abettor is exposed to the same punishment as the principle. Second, to prove that Mr. Neel was an aider and abettor in this case, the government must prove specific intent as an additional element.

At Mr. Neel's jury trial the government asserted it intended to rely on an aider and abettor theory, rather than a theory that Mr. Neel was the principle. For this reason, an aider and abettor jury instruction is proper in this case.

8 U.S.C. §1324(1)(a)(II) expressly provides that an aider and abettor is just as criminally liable as a principle in an alien smuggling case. In <u>Garcia</u>, 400 F.3d at 819, the court held that the provision in 18 U.S.C. § 2(a) is applicable "across the board to the criminal code unless Congress has said otherwise (<u>citing</u> <u>United States v. Ramirez-Martinez</u>, 273 F.3d 903, 911 (9th Cir. 2001) (*overruled on other grounds*). Congress did not indicate that aider and abettor liability was not applicable to 8 U.S.C. §1324(a)(2)(B)(ii), but instead, expressly provided for aider and abettor liability. <u>Garcia</u>, 400 F.3d 819.

Not only is aider and abettor liability a theory of criminal liability, to prove the defendant was an aider and abettor requires the government to prove an additional "element" of specific intent. <u>Id</u> at 819-820. Therefore, to prove its theory of aider and abettor liability in this case, the government must prove beyond a reasonable doubt that the defendant had the specific intent to facilitate the commission of the crime [charged] (Bringing in an illegal alien for financial gain). <u>Garcia</u>, 400 F.3d at 819.

For these reasons, to prove Mr. Neel guilty of the crime of bringing an illegal alien into the United States for financial gain under its aider and abettor theory, the government must prove the following four additional elements: (1) the accused had the specific intent to facilitate the commission of the crime by another [person]; (2) that the accused had the requisite intent of the underlying substantive offense; (3) that the accused assisted or participated in the commission of the underlying offense; and (4) that someone

committed the underlying substantive offense. <u>Garcia</u>, 400 F.3d at fn. 2 (re-affirming the holding in <u>United States v. Delgado,</u> 357 F.3d 1061, 1065-66 (9th Cir. 2004).

For these reasons, the defendant's proposed jury instruction should be given in this case.